First case called this afternoon is People v. Robinson. Counsel, whenever you're ready, you may proceed. Good afternoon, Your Honors. My name is Ryan Wilson, and I represent Floyd Robinson on behalf of the Office of the State Appellate Defender. Mr. Robinson has argued that his case needs to be remanded for Rule 604D and Rule 402B compliance. But regardless of the reason for which his case is remanded, Mr. Robinson's claims of ineffective assistance of counsel must be evaluated before any further proceedings take place in this case. He's made several claims against his attorney, Mr. Leifer, alleging that Mr. Leifer was ineffective. And when presented with such a claim, the court's responsible for conducting a preliminary inquiry into that claim. Importantly, the circuit court is, as part of that inquiry, needs to determine whether the case may have suffered from possible neglect. That's essentially the first step in this two-step process. And if the court determines that there might have been possible neglect, the court appoints an attorney that can research that claim further, that can find evidence supporting that claim, and the attorney can present evidence to the court. The circuit court in this case skipped that step. It jumped directly to determining that Mr. Robinson's claim didn't meet the prejudice requirement of Strickland v. Washington, and that the procedure that the court used was incorrect. Most of the allegations in Mr. Robinson's motion alleging that Mr. Leifer was ineffective involve things that happened outside of the court. So this isn't the sort of case where the circuit court can rely on its knowledge of counsel's performance or what counsel filed in court. Mr. Robinson has alleged, for example, that he was promised that a sentence of probation would be given by his earlier attorney, Alex Baker. That allegation wasn't included in the motion to vacate or withdraw the plea that was filed in this case. He's also alleged that he wasn't told that at the time he pled guilty that a three-year plea offer was still available to him. He was ultimately sentenced to 10 years for escape, and so there's an arguable question of whether he would have accepted that plea offer had he known that that three years was on the table at the time he pled guilty. But it's essential that the merits of the ineffective assistance of counsel claim be examined before counsel, in this case, files a new Rule 604D certificate. Defense counsel did file a motion to vacate the plea or withdraw the judgment, and he did file a Rule 604D certificate. That certificate, however, is facially deficient. Counsel failed to certify that he made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. Are you... Is your main argument either the promise of probation, the fact that he was not informed of the three-year offer still being on the table, or cumulative? What exactly is the thrust of your argument? Sure. Up until this point, this case has really suffered from an attorney not seeming to put forth much effort to bring Mr. Robinson's claims to the circuit courts of country. But regardless of whether this case is intended for a Crankle inquiry or Rule 604D compliance or even Rule 402 compliance, the main thrust of the inquiry is, let's get Mr. Robinson, an attorney, who the record will reflect has reviewed his claims that he made in his pro se motion. These claims that you just spoke of seem to have some great merit, and have that attorney present those claims in the motion to withdraw, clear, or vacate the judgment so they can be adjudicated. Mr. Robinson hasn't had that right thus far. In fact, when Mr. Leifer filed the motion to withdraw, clear, or vacate the judgment, the court itself noted that nearly all of the allegations in that motion were directly rebutted by the transcript of the guilty plea proceeding. The court didn't make that explicit finding, but as counsel was going through discussing his allegations of error, the judge in some manner went point by point and said, wouldn't you agree that I said this at the plea hearing? Wouldn't you agree that I said that at the plea hearing? And once the judge told counsel he could continue, counsel said, I'm just going to stand on my motion, Your Honor. He didn't raise any of the claim regarding the outstanding possibility of Robinson having the three-year plea offer. He didn't raise the claim of Major promising Mr. Robinson that he would receive a term of probation if he pleaded guilty. And so the meaning for us of our argument, I'm sorry, getting back to your question, is that this case is remanded in some sort of posture so that those claims, these claims that seem to have a great deal of merit are presented to the circuit court so the circuit court can conduct some kind of hearing to determine whether they actually do have merit. As I said, this case needs to go back for Rule 604D compliance, too, regardless of any of the other allegations that have been raised in the briefs. Counsel didn't comply with the requirement that he amend the petition, and we know that, because not only did he not say in the Rule 604D certificate that he had amended the petition, that's nowhere in there, there's a presumption that in the absence of such a certification, counsel failed to make the requisite amendments. And, in fact, after the hearing on the motion to vacate judgment, Mr. Robinson filed a pleading that rebutted other affirmations of counsel being in his certificate. At the beginning of the hearing into that motion, it seems apparent, at least to myself by a reading of the record, that the defendant had not seen a copy of the motion to withdraw that his counsel anticipated on filing or had filed. He didn't know what allegations were in that motion that was being heard that very day. And after, the day after there was a hearing on that motion, the defendant filed a letter that can be interpreted as a motion that says not only has he not presented the claims that I wanted him to present, these claims that we've been discussing this morning, but he also didn't consult with me, even though in the certificate he said that he did that very thing. So the defendant has also, by filing these subsequent motions, rebutted counsel's affirmation in the certificate that he even spoke to the defendant, something that I would argue at least an attorney is required to do on an ethical level to speak to your client before filing a motion such as this. Had counsel complied with the requirements of Rule 604D, he would have learned that Robinson made these colorable claims in the pro se motions that Robinson had filed. He's alleged, for example, that Mr. Baker, one of his previous attorneys, had promised him that he would receive these three years of probation if he pled guilty. And normally a court, a reviewing court, can look at the 402 admonitions that were given at the time the defendant pled guilty. And generally, when a defendant pleads guilty, the court asks the defendant, are there any other promises or have any threats been made to induce this guilty plea that you're entering today? That wasn't done here. The court never asks the defendant, have any other promises been made that have led you to plead guilty in this case? And that's significant. In Peeble v. Hendrickson, which is a Fifth District case from 1973, this court found that the circuit court's failure to comply with that portion of Rule 402B, the asking if any other promises had been made to induce the defendant, was plenary. And such a finding can also be made in this case, where Robinson has made this somewhat adjoining claim that his attorney promised him probation if he pled guilty. The state has argued that the court can be excused from complying with Rule 402B because the court, during its plea admonitions, asked him if any plea agreement had been reached with the state. The defendant pled guilty pursuant to an open plea. However, Mr. Robinson's answer to that question, no, there's no agreement with the state, doesn't mean that his attorney made a representation that induced him to plead guilty, this plea offer. So the mere fact that the court complied with part of Rule 402 does not mean that this case doesn't need to go back for 402B compliance. It seems very clear, at least from the pleadings that Robinson has filed, that he really wished he would have known that this three-year plea offer was still on the table and that Alex Baker had promised him probation. And had he known that, he may very well have accepted that plea rather than leaving it to the discretion of the court ultimately giving it 10-year sentence. So it's for those reasons that we would ask that this case be remanded for a credible inquiry for a Rule 604B hearing in compliance with that rule and with 402B compliance. Thank you. Thank you, Counselor. Counselor? May I please the court? Go ahead. My name is Sharon Shanahan. I represent the people of the state of Illinois. Before I begin today, I'd just like to note that not only did we have briefs and supplemental briefs, changes in defense counsel now, just in the last couple of weeks, we now have a change in counsel for the state. Mr. Karmick has retired. And so I have not had the opportunity to review the record in this case. So if you will forgive me for not being as familiar with the record as I normally are, I know there are things that I've had. I don't know when that happens. It happens. It happens. It happens. I know that it often happens with this court that you're arguing when not all of you have the opportunity to completely read. Anyway, there is a theme throughout this brief, all the issues. And I think it's best expressed in the defendant's supplemental reply brief at page 9, where the defendant says, Robinson has asserted that Liefer was ineffective for failing to raise issues that would have practically guaranteed that he be granted relief. And I can't tell you how much I disagree with that statement. There's the repetitive claim in this case is the promise that he would get probation. And if you look at the defendant's testimony at the hearing here, here's what the defendant said in the hearing, in the motion of withdrawal. He said he knew, and here I'm quoting the defendant's words, that the judge didn't have to accept the plea of probation. So regardless of what his attorney may or may not have said to him, he knew that the judge didn't have to accept that plea. Before anything started, he knew that the judge didn't have to accept it. So he knew there could be no promise of probation if he knew the judge didn't have to go along with what his attorney thought. He said he thought he would get probation. Again, his words, I thought I would get probation. And then he finishes up saying, because Alex Baker told me I would get probation due to the fact that other individuals similarly situated would get probation. Well, when an attorney says, oh, you'll get probation, and everybody else has been getting like he's been getting probation, that's not a promise. And especially when it's what he said, he thought he would. Not I knew I would, not I was sure I would. And certainly coupled with the fact that he knew the judge didn't have to accept anything that the state said. So for all of those reasons, What about the three years that was on the table? Well, you know, I'd like to know about that, too. And maybe that's something I'm missing out on because I haven't read the record. But as far as I know, there's no evidence of that three year plea. There is defendant's allegation that there was a three year plea. And let's think about the, again, this is, you've hit on the point where I feel like I'm most missing out by not having read the record. This is the defendant's third attorney. According to the defendant, his first attorney was offered three years. Then he gets another attorney. And he pleads guilty at the end of this representation by the second attorney. I don't know the timeframe between, if, first of all, as far as I know, there's nothing in the record to support this claim that there was a three year offer ever on the table. But if there was, and it was made to his first attorney, and that's what he says, he says that second attorney was ineffective for failing to enforce that plea. Failing to inform, I thought it said. Enforce. He says he was informed, but later on he did indicate that he said that it was, I can find my notes here quickly. But he did indicate that he knew about it. I believe so. I didn't go through it. I don't either, but I ran across something and I'm not pulling it up quickly here. And I'm sure counsel can pull that up. He will certainly point out my error there, but I believe that he does say, I'll put it this way. He does say at one point in the pleadings that he didn't know about it. But at another point, I believe he said that it had been offered and that it should have been enforced. Indicating that he did know about it. Was it ever withdrawn? Don't know. I don't know. Again, I go back to the fact, as far as I know, the only person that has ever said anything about a three-year plea is the defendant. I know of no support for that, the fact that that plea was ever made. And I mean, you know, if the United States Supreme Court says there has to be a reasonable probability that neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented and we don't even know if it was even made. And it was made, as I said, to the first attorney. So we can presume a pretty good time lapse and the passage of two attorneys. So... Even if there was an intervening attorney and a final attorney, the plea was, if the offer was not withdrawn, it was still on the table, correct? I realize you're not sure on the record. If there's any evidence that it was withdrawn, but if it wasn't, it's still on the table. If it wasn't withdrawn. Okay. So that's the second claim, is this claim that there was a three-year plea made to the first attorney, that it was never withdrawn, and that it could still be enforced. Now, obviously he doesn't even have a right to a plea offer. And I think if there's nothing in this record other than the defendant's self-asserting allegations and his very prolific pro se pleadings that this offer was ever made, I don't think that's... And here's the thing we have to... This is one of the things that struck me about that, is it seems like the defendant is arguing, you have to believe everything I say. You have to believe that my second attorney promised me probation. You have to believe that I was offered a three-year plea. But Mr. Leifer did review the entire record in this case. And the entire record in this case includes all of the defendant's pro se pleadings, which raise these claims. And he did, despite defendant's allegations to the contrary, ascertain his contentions of error. His 604D certificate very clearly says that. And there's never been any allegation by defendant that he didn't ascertain my contentions of error. They talked. He read the record. He talked to the defendant. Why is it not just as reasonable to say, I don't find any, for defense counsel to have said, I don't find any support for the fact that there was ever a plea offer. And why isn't it just as reasonable to say, no, he didn't promise. There's no support for the fact that he promised you that. He's talking to the guy. What exactly did he say to you? Well, he said everybody else had been getting that. Well, I'm sorry, sir, that's not a... Why are we required to believe everything that the defendant says when we've got an officer of the court who has a verdict that he did meet with the defendant. He did ascertain his contentions of error. He did review the record. And so I think it's equally reasonable that he did talk about this. And I think this is especially important when you get to the state's judicial estoppel argument, which, and I think it could equally be argued in under the related doctrine of waiver, the knowing the voluntary relinquishment of a known right. But regardless of, that's a form of estoppel too. And when they had this hearing, we've had Mr. Davis's motion. Go ahead. All of the defendant's pro se pleading, and then Mr. Leifert's pleading. And the trial court specifically clarifies, are you proceeding on just Mr. Leifert's petition, or are you raising the pro se plea? Defense counsel said, just my petition. Defendant said, just my petition. And the defendant also indicates some surprise that all of that was being withdrawn or not incorporated in the petition, but basically went along with the lead that his attorney provided. Yes, given the fact that this is an extraordinarily experienced pro se litigant, I don't think that we can presume that he would be so intimidated by defense counsel. I'm not saying intimidated. I'm surprised. He said it was the first he'd heard of it, but yes, that was his response. This is the first I've heard of it, but yes. Thank you, counsel. Counsel? As to the issue of the agreement, the record indicates that the defendant knew that a three-year offer had been made. However, there's no evidence in this record. In fact, the record tends to show that the defendant believed that that offer was no longer available to him at the time that he pleaded guilty. That is the allegation he has made, is I didn't know that that three-year offer was still in existence. I didn't know it was still on the table at the time that I pleaded guilty. And certainly, if you have a defendant that's looking at an open plea where he eventually gets 10 years, and he knows that in hindsight, he finds out later that there's been a three-year offer on the table, I'd be upset, too. I thought you said he knew about the three-year offer. He knew that the three-year offer had been extended to Ann Healy, who was his first attorney. According to Mr. Robinson, he did not know that the offer wasn't set to expire for what seems like an inconceivable amount of time, which apparently that's the way that the state had offered it. They had left it on the table up until the day that the defendant was going to plead guilty. That is the fact that he did not know. And that is what his contention is, is had I known that that three-year offer was going to be on the table at the time I pleaded guilty, I would have pled guilty to an open plea. I would have taken that offer. What would have indicated or what supposedly indicated to the defendant that it was no longer on the table? That I'm not sure about. I know that he is alleged in the pleadings that he did not know it was still available. And that is what my closing counsel was talking about with the attorney not enforcing the plea offer. When Mr. Robinson stated in the pro se motions that he wished his attorney would have done that, he was meaning, I wish my attorney would have told me that that three-year offer was still available, or even told the court, there's a three-year offer pending, Your Honor, as well. In some way, he needed to notify Mr. Robinson that that offer was still in existence. We also can't infer what Mr. Baker said to Mr. Robinson. The state would set their argument that, well, this is probably like a lot of attorneys where he said, well, Mr. Robinson could get probation. We don't know that. And Mr. Robinson, in fact, in his motion has said, my attorney promised me that I would receive probation. He can know that there's no agreement with the state. And he can know that even if his attorney, he believed that his attorney made this representation to him that probation was what he would receive. We don't know why that representation was made. And that's why, as I explained during my initial argument, this case needs to be remanded for a hearing on these issues. Because even though counsel described his attorney as an officer of the court and that he would have represented Mr. Robinson to the best of his ability, we have an insufficient Rule 601 certificate, which doesn't apply to the rule. We have a waiver of several issues that Mr. Robinson raised in his motion because counsel didn't tell Mr. Robinson what was going to be in that motion prior to the hearing on that motion to vacate the judgment. And contrary to the state's comment during their argument, they said that there was no evidence in this record or no indication in this record that counsel didn't consult with the defendant. And I'm looking at page 367 of the common law where Mr. Robinson said, counsel Liefer did not consult with him to amend the motion to withdraw a plea prior to filing his own motion. These are all things that a reasonable attorney should have done. And these are all things that, based on this record, it looks like the attorney did not do. So not only do we have a bad 604B certificate, in this case it needs to be remanded for that, we have the prospect of the defense counsel telling the defendant, if you plead guilty, you will receive a term of probation, and the court doesn't comply with Rule 402 to figure out if that's correct or not. And we have all these outstanding allegations that Mr. Robinson wants to have heard at this point. He wants an attorney who's going to represent him properly, who will bring up his ineffective assistance of counsel claims so that they can be adjudicated. And he has not had that yet. That is why this case needs to be remanded. And, yes, just in conclusion, Mr. Robinson was apparently, from the record, very surprised that his attorney was not raising the issues that were so important to him. I would argue that we know that because it was just a day or two after the hearing on the motion to vacate judgment that Mr. Robinson filed a new motion alleging Mr. Leifer's ineffectiveness for not raising these claims. That is not something he would have done had he voluntarily withdrawn, decided to voluntarily withdraw his claims. And in addition, the fact that Mr. Leifer didn't raise those claims does not mean that those claims weren't something that needed to be raised. His effectiveness or ineffectiveness can't be examined at this point. So for those reasons, we ask that this case be remanded. Thank you. We appreciate the briefs and arguments of counsel. We'll take the matter under advisement. Thank you.